IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAURICE PRISSERT and CLAUDE PRISSERT,
Individually and on behalf of all others similarly
situated,

          Plaintiffs,

v.                                                                                  Civ. No. 08-1190 MV/RLP

EMCORE CORPORATION, ADAM GUSHARD
HONG Q. HOU, REUBEN F. RICHARDS, JR.,
DAVID DANZILIO, and THOMAS WERTHAN,

          Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Gotham Holdings, LP's ("Gotham") Motion for Consolidation, Appointment as Lead Plaintiff, and for Approval of Selection of Co-Lead Counsel of Gotham Holdings, LP (Doc. No. 10, filed February 20, 2009), Emcore Investor Group's Motion and Memorandum of Law in Support of Consolidation and Appointment as Lead Plaintiff and Approval of Lead Counsel and Liaison Counsel (Doc. No. 14, filed February 23, 2009), Notice of Motion and Motion of Ralph Lofgren and Scott Halpert ("Lofgren") for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel (Doc. No. 15, filed February 23, 2009), and IBEW Local Union No. 58 Annuity Fund's ("IBEW") Motion for Consolidation, Appointment as Lead Plaintiff and Approval of its Selection of Lead and Liaison Counsel (Doc. No. 18, filed February 23, 2009). For the reasons stated below, the Court will **GRANT** the Motions in part as to consolidation and **DENY** the Motions as to appointing lead plaintiff and lead counsel.

**Background**

Defendant Emcore Corporation ("Emcore") manufactures photovoltaic solar energy cells and has its principal place of business in Albuquerque, New Mexico. (Complaint at 1-2, Doc. No. 1, filed December 23, 2009).  Defendants Gushard, Hou, Richards, Danzilio and Werthan were officers of Emcore.  (*Id.* ¶¶ 11-15). Emcore stock has been traded on the NASDAQ Global Market exchange since March 11, 1997.  (*Id.* ¶ 10).  On March 18, 2008, the price of Emcore's common stock dropped over 23% on a report that Emcore's largest customer, CGE, was not the "world-leading [concentrating photovoltaic] system provider" Emcore had touted it as, and that CGE would not be able to afford to pay for its orders or otherwise complete its agreements with Emcore. (*Id.* ¶ 17).

Plaintiffs Maurice and Claude Prissert, who purchased Emcore common stock, allege that they were damaged because of Defendants' misstatements and omissions which resulted in an artificially inflated price for Emcore's common stock.  (*Id.* ¶¶ 1-4, 9).  Plaintiffs Prissert brought their claims pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a).  (*Id.* ¶ 5).

After the Prisserts initiated their action against Emcore ("*Prissert* case"), other purchasers of Emcore stock filed a similar complaint against Emcore, *Mueller v. Emcore*, D.N.M. Civ. No. 09-133 JCH/RLP ("*Mueller* case").  Four movants then filed the motions now before the Court to consolidate the *Prissert* and *Mueller* cases and to appoint lead plaintiff and lead counsel.

**Consolidation**

Four sets of Plaintiffs filed motions to consolidate the *Prissert* and *Mueller* cases pursuant to Fed. R. Civ. P. 42(a).  (Gotham's Memorandum at 8-9, Doc. No. 11, filed February 20, 2009;

2

Emcore Investor Group's Motion at 4-5; Lofgren's Motion at 7-8, Doc. No. 16, filed February 23, 2009; IBEW's Memorandum at 6-7, Doc. No. 19, filed February 23, 2009). Defendants agree that the "Court should consolidate the Prissert and Mueller Actions" to "avoid duplicative litigation and the imposition of unnecessary litigation time and expense upon the Defendants." (Defendants' Response at 3-4, Doc. No. 25, filed March 6, 2009). No party filed a response in opposition to the motions to consolidate.

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). Considerations of judicial economy and convenience, which favor consolidation, "must yield to a paramount concern for a fair and impartial trial." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). When exercising its broad discretion to determine whether consolidation is appropriate, the Court must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (*quoting Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492 (11th Cir. 1985)).

After comparing the complaints in the *Prissert* and *Mueller* cases, the Court finds that: (1) the facts alleged in both cases are substantially the same in that they allege false and misleading statements made by Defendants from June 12, 2007 through March 18, 2008, violated the antifraud provisions of the Securities Exchange Act of 1934 and caused injuries to the class of plaintiffs, (2) both Complaints seek to represent overlapping classes of plaintiffs, specifically those investors that purchased Emcore stock between June 12, 2007 and March 17, 2008 (*Mueller* also seeks to represent plaintiffs that purchased Emcore stock from March 18, 2008 to June 30, 2008), and (3) the

Complaints assert the same claims against the identical Defendants. The Court concludes that considerations of judicial economy and consistent adjudications weighs heavily in favor of consolidation with very little risk of prejudice and possible confusion.

The Court will consolidate the *Prissert* (D.N.M. Civ. No. 08-1190 MV/RLP) and *Mueller* (D.N.M. Civ. No. 09-133 JCH/RLP) cases.

**Appointment of Lead Plaintiff**

Each of the four Movants seeks to be appointed lead Plaintiff. Defendants neither oppose nor support the motions to appoint lead plaintiff. (Defendants' Response at 4).

"As soon as practicable after [the court consolidates actions], the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The "most adequate plaintiff" is "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). "The court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that:"

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ("presumption elements"). "If the plaintiff with the largest financial stake in the controversy provides information that satisfies [the Rule 23] requirements, he becomes the presumptively most adequate plaintiff." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

The next step "is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *In re Cavanaugh*, 306 F.3d at 730. The presumption described above may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Gotham satisfied the first presumption element by filing its motion to serve as lead plaintiff. (Gotham Mem. at 9-10).

Gotham also satisfies the second presumption element by having the largest financial interest in the relief sought by the class. Each of the four movants measures their financial interest based on their losses resulting from the drop in Emcore stock value which are: (1) Gotham - $11,422,557.81, (2) Lofgren - $1,202,597.61, (3) IBEW - $557,099.47, and (4) Emcore Investor Group - less than $20,000. (*See* Gotham Mem. at 11; Lofgren Mem. at 10; IBEW's Transactions Chart, Doc. No. 20-4 at 2, filed February 23, 2009; Emcore Investor Group's Motion at 8). None of the other three movants dispute that Gotham has the largest financial interest in the relief sought by the class.

Gotham asserts it satisfies the third presumption element, which is satisfying Fed. R. Civ. P. 23. Rule 23(a) provides that a party may serve as a class representative only if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or

5

> defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The first two requirements, Rule 23(a)(1) numerosity and 23(a)(2) commonality, pertain to the class and thus are not relevant in the Court's determination of the most adequate plaintiff. Gotham contends it satisfies Rule 23(a)(3), the typicality requirement, because "like all other Class members, it: (1) purchased Emcore securities during the Class Period; (2) purchased Emcore securities in reliance upon the allegedly materially false and misleading statements issued by the Defendants; and (3) suffered damages from that purchase." (Gotham's Mem. at 12-13). Gotham also contends it satisfies Rule 23(a)(4), the adequacy requirement, because its interests "are perfectly aligned with the interests of Class members, [] there is no evidence of any antagonism between the interest of Gotham Holdings and those of the other members of the class . . . [and Gotham] has retained competent and experience counsel to prosecute these claims." (*Id.* at 13).

Because Gotham has made a prima facie showing of satisfying the requirements of Rule 23, the Court adopts the presumption that Gotham is the most adequate plaintiff. The next step in the process is for the Court to give the other plaintiffs an opportunity to rebut the presumption that Gotham is most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Lofgren and IBEW raise a number of issues regarding Gotham's capability of adequately representing the interests of class members but do not present sufficient proof to rebut the presumption that Gotham is the most adequate plaintiff. (*See* Lofgren's Response, Doc. No. 26, filed March 6, 2009; IBEW's Response, Doc. No. 32, filed March 12, 2009). For example, Lofgren

and IBEW argue that Gotham should not be appointed lead plaintiff because Gotham is a hedge fund and is, therefore, an atypical plaintiff. (*Id.*, citing cases where courts refused to appoint hedge funds as lead plaintiff). However, some courts have appointed hedge funds as lead plaintiffs. *See In re Host America Corp. Sec. Litig.*, 236 F.R.D. 102, 108 (D.Conn. 2006). While Lofgren and IBEW make general allegations regarding Gotham's "complex structure" and "atypical investment strategies," they do not present much specific information showing that Gotham's status or trading practices as a hedge fund render Gotham atypical or inadequate at representing the class.

Lofgren's and IBEW's failure to present sufficient proof to rebut the presumption that Gotham is the most adequate plaintiff may result from the fact that there has been no discovery in this case. Lofgren and IBEW have shown a reasonable basis for a finding that Gotham's standing, typicality, adequacy or potentially unique defenses may render Gotham incapable of adequately representing the class. The Court will, therefore, allow limited discovery relating to whether Gotham, Lofgren and IBEW are capable of adequately representing the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iv) ("discovery relating to whether a member or members of the purported plaintiff class is the most adequate plaintiff may be conducted by a plaintiff only if the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class"); *see also* Harold S. Bloomenthal, SECURITIES LAW HANDBOOK § 30:1 (2008-2009 ed.) ("Since the appellate courts have given relatively little guidance as to how the process of selecting lead plaintiff and lead counsel is to work in practice, district court judges have felt relatively free to establish their own standards at the indices.").

The Court will not appoint the lead plaintiff at this time. The parties may file a second motion to appoint lead plaintiff at the conclusion of the limited discovery.

**Appointment of Lead Counsel**

"The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Because it is denying the motions to appoint the lead plaintiff, the Court will deny the motions to appoint lead counsel. The Court will appoint lead counsel after it appoints lead plaintiff.

**IT IS SO ORDERED.**

Dated this 25th day of September, 2009.

_____
**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiffs Prissert:*

Turner W. Branch
2025 Rio Grande Blvd, NW
Albuquerque, NM 87104

Glenn L. Hara
Matthew T. Heffner
Two First National Plaza
Suite 600
Chicago, IL 60603

*Attorneys for Plaintiffs Gotham Holdings LP:*

Deborah Clark-Weintraub
1540 Broadway, 37th Floor
New York, NY 10036

Adam P. Plant
Joe R. Whatley , Jr
2001 Park Place North
Suite 1000
P.O. Box 10647
Birmingham, AL 35203

Lewis J. Saul
Kevin M. Fitzgerald
183 Middle Street, Suite 200
Portland, ME 04101

Shane C. Youtz
900 Gold Ave. SW
Albuquerque, NM 87102

*Attorneys for Plaintiffs Lofgren and Halpert:*

Christopher T. Saucedo
201 Third Street N.W. Suite #1800
Albuquerque, NM 87103

Howard G. Smith
3070 Bristol Pike
#112
Bensalem, PA 19020

Lionel Z. Glancy
Michael Goldberg
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars
#311
Los Angeles, CA 90067

Richard A. Maniskas
280 King of Prussia Road
Radnor, PA 19087

*Attorneys for Plaintiff IBEW:*

Nicholas Koluncich III
6501 Americas Parkway NE
One Park Square - Suite 620
Albuquerque, NM 87107-5375

Darren J. Robbins
Danielle S. Myers
655 West Broadway, Suite 1900
San Diego, CA 92101

*Attorneys for Defendants:*

Howard Suskin
330 North Wabash
Chicago, IL 60611

Rufus Thompson
Matthew W. Park
Post Office Box 2168
Albuquerque, NM 87103-2168

Michael K. Lowman
1099 New York Avenue NW
Washington, DC 20001