IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAURICE PRISSERT and CLAUDE PRISSERT,
Individually and on behalf of all others similarly
situated,

                Plaintiffs,

v.                                                                                            Civ. No. 08-1190 MV/RLP

EMCORE CORPORATION, ADAM GUSHARD
HONG Q. HOU, REUBEN F. RICHARDS, JR.,
DAVID DANZILIO, and THOMAS WERTHAN,

                Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on IBEW Local Union No. 58 Annuity Fund's ("IBEW") Renewed Motion for Appointment as Lead Plaintiff and Approval of its Selection of Lead and Liaison Counsel (Doc. No. 53, filed December 4, 2009). For the reasons stated below, the Motion will be **GRANTED in part** and **DENIED in part**.

**Procedural Background**

This is a class action lawsuit in which Plaintiffs, who had purchased Emcore common stock, allege that they were damaged because of Defendants' misstatements and omissions which resulted in an artificially inflated price for Emcore's common stock. (*See* Mem. Op. and Order at 2, Doc. No. 45, filed September 25, 2009).

Four Plaintiffs filed motions to be appointed Lead Plaintiff. (*See id.* at 4). Those four movants and their financial interests based on their losses resulting from the drop in Emcore stock value are: (1) Gotham - $11,422,557.81, (2) Lofgren - $1,202,597.61, (3) IBEW - $557,099.47, and

(4) Emcore Investor Group - less than $20,000.  (*See id.* at 5).

The procedure for appointing Lead Plaintiff, discussed in more detail below, generally involves two steps.  The first step is for the Court to adopt a presumption that the plaintiff with the largest financial interest in the relief sought by the class that also meets the Rule 23 class action requirements for typicality and adequacy is the "most adequate plaintiff" to be Lead Plaintiff.  *See* Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The Court adopted the presumption that Gotham was the most adequate plaintiff because Gotham had the largest financial interest and made a *prima facie* showing that it satisfied the requirements of Rule 23.  (*See* Mem. Op. and Order at 6, Doc. No. 45, filed September 25, 2009).

The second step in the Lead Plaintiff appointment procedure is for the Court to give the other plaintiffs an opportunity to rebut the presumption that Gotham is most capable of adequately representing the interests of the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Because there had been no discovery in this case, the Court denied the four motions to appoint Lead Plaintiff, allowed limited discovery relating to whether Gotham, Lofgren and IBEW are capable of adequately representing the class, and granted the Plaintiffs leave to file a second motion to appoint Lead Plaintiff at the conclusion of the limited discovery. (*See* Mem. Op. and Order at 7, Doc. No. 45, filed September 25, 2009).

IBEW filed its Renewed Motion, now before the Court, for appointment as Lead Plaintiff and approval of its selection of Lead and Liaison Counsel.  Gotham and Lofgren, the two plaintiffs with a larger financial interest than IBEW, did not file renewed motions to be appointed Lead Plaintiff.  Defendants filed a response oposing IBEW's Renewed Motion.  (*See* Doc. No. 58, filed December 18, 2009).

**Private Securities Litigation Reform Act ("PSLRA")**

"As soon as practicable after [the court consolidates actions], the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The "most adequate plaintiff" is "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). "The court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that:"

> (aa) has either filed the complaint or made a motion [to serve as lead plaintiff];
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ("presumption elements"). "If the plaintiff with the largest financial stake in the controversy provides information that satisfies [the Rule 23] requirements, he becomes the presumptively most adequate plaintiff." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). Rule 23(a) provides that a party may serve as a class representative only if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

The next step "is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *In re*

*Cavanaugh*, 306 F.3d at 730.  The presumption described above may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

**Appointment of Lead Plaintiff**

Initially, four Plaintiffs filed motions to be appointed lead plaintiff.  The Court denied those four motions to allow for limited discovery and granted Plaintiffs leave to file a second motion to be appointed lead plaintiff after the limited discovery.  Only one Plaintiff, IBEW, filed a second motion to be appointed lead plaintiff.  IBEW has the third largest financial interest in this case.  The Plaintiffs with the first and second largest financial interests, Gotham and Lofgren, are not seeking to be appointed lead plaintiff.  Instead, Gotham and Lofgren have declared that they believe that IBEW should serve as lead plaintiff.  (*See* Declaration by Gotham, Doc. No. 55-1; Declaration by Scott Halpert, Doc. No. 55-2; Declaration by Ralph Lofgren, Doc. No. 55-3).  No other Plaintiffs filed a response opposing IBEW's Renewed Motion to be appointed lead Plaintiff.

The only response opposing IBEW's Motion was filed by Defendants.  Defendants argue that IBEW's Motion is contrary to the PSLRA's "Largest Financial Interest Requirement."  (Response at 4-7, Doc. No. 58, filed December 18, 2009).  The Court disagrees.  The PSLRA requires that the Court adopt a presumption that the most adequate plaintiff is the plaintiff with the largest financial interest *and* that has either filed the complaint or made a motion to serve as lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Because they did not file the complaint and did not renew their

motions to be appointed lead plaintiff, Gotham and Lofgren do not satisfy the first of the most adequate plaintiff presumptions quoted above. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Defendants also argue that IBEW's Renewed Motion is inconsistent with the intent of the PSLRA because of the realignment of counsel for Plaintiffs. (*See* Response at 7-11). Defendants contend that because IBEW now seeks to appoint as co-lead counsel and liaison counsel two firms that were previously representing Gotham, there is "the strong appearance that the present arrangement is 'lawyer-driven' in contravention of the intent of the PSLRA" which was designed to protect investors against lawyer-driven lawsuits by empowering investors so that they, not their lawyers, control securities litigation. (Response at 9). Defendants suggest that the "Court should seek further information from Plaintiffs and probe their adequacy to serve as lead plaintiff." (Response at 10).

The plain language of the PSLRA dictates that only members of the plaintiff class may offer evidence to rebut the presumption in favor of the most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (the PSLRA states that the presumption regarding the most adequate plaintiff "may be rebutted only upon proof *by a member of the purported plaintiff class*") (*emphasis added*). Defendants, therefore, lack standing to object to the adequacy or typicality of the proposed lead plaintiffs at this preliminary stage of the litigation. *See Takeda v. Turbodyne Technologies, Inc.*, 67 F.Supp.2d 1129, 1138 (C.D. Cal. 1999); *Zuckerman v. Foxmeyer Health Corp.*, 1997 WL 314422 *2 (N.D. Tex.); *Gluck v. Cellstar Corp.*, 976 F.Supp. 542, 546 (N.D. Tex. 1997); *Fischler v. Amsouth Bancorporation*, 1997 WL 118429 *2 (M.D. Fla.); *Greebel v. FTP Software, Inc.*, 939 F.Supp. 57, 60 (D. Mass. 1996).

IBEW has satisfied the first two presumption elements for most adequate plaintiff. IBEW satisfied the first element by filing its motion, now before the Court, to be appointed lead plaintiff.

5

IBEW also satisfies the second presumption element, having the largest financial interest, because it is the only plaintiff that seeks to be lead plaintiff.  Although plaintiffs Gotham and Lofgren have financial interests larger than IBEW, they did not renew their motions to be appointed lead plaintiff and instead voiced their support that IBEW be appointed lead plaintiff, and thus did not satisfy the third presumption element by making a preliminary showing that they meet the adequacy and typicality requirements of Rule 23.  *See also In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1105 (10th Cir. 2001) ("an unwilling representative for a defendant class (which is the usual situation), creates a potential question concerning whether this involuntary representative will vigorously defend the lawsuit on behalf of the class") (*quoting* HERBERT B. NEWBERG & ALBA CONTE, 1 NEWBERG ON CLASS ACTIONS § 4.47 (3d ed. 1992)).

IBEW states that it satisfies the third presumption element, that its claims are typical of those of the class, because "like all other class members, [IBEW] purchased Emcore common stock during the Class Period in reliance upon the alleged materially false and misleading statements issued by defendants and suffered damages thereby." (Memorandum at 4).  Finally, IBEW contends that it meets the second part of the third presumption element, that it will fairly and adequately protect the interests of the class, because its

> interests are aligned with the interest of the class because both suffered from artificial inflation of the price of Emcore common stock and would benefit from the same relief.  [IBEW's] $557,000 loss also demonstrates a sufficient interest in the action to ensure vigorous advocacy.  There is also no evidence of antagonism between [IBEW] and the class.  Finally, as explained below, [IBEW's] proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.

(*Id.*).  IBEW also states that "as an institutional investor, [IBEW] is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class." (*Id.* at 1); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (the legislative history

of the PSLRA "reflect[s] the view that institutional investors and others with large losses will, more often than not, satisfy the typicality and adequacy requirements").

At this stage in the litigation, a movant seeking to be appointed lead plaintiff need only make a preliminary showing that it satisfies the adequacy and typicality requirements of Rule 23; a more detailed analysis regarding whether a lead plaintiff satisfies the adequacy and typicality requirements of Rule 23 should be left for consideration of a motion for class certification. *See Fischler*, 1997 WL 118429 *2; *Gluck*, 976 F.Supp. at 546; *Greebel*, 939 F.Supp. at 60; *Zuckerman*, 1997 WL 314422 *2. IBEW has made a preliminary showing that it satisfies the adequacy and typicality requirements. No other plaintiff has argued that IBEW will not fairly and adequately protect the interests of the class or that IBEW is subject to unique defenses that render such plaintiff incapable of adequately representing the class. In fact, the plaintiffs with the two largest financial interests in this case support the appointment of IBEW as lead plaintiff.

Because IBEW satisfies the presumption elements for most adequate plaintiff and no plaintiff opposed IBEW's Motion, the Court will appoint IBEW lead plaintiff.

**Appointment of Lead Counsel**

"The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001). When a properly-appointed lead plaintiff asks the court to approve its choice of lead counsel and of a retainer agreement, the question is not whether the court believes that the lead plaintiff could have made a better choice or gotten a better deal. . . [instead] the court's inquiry is appropriately limited to whether the lead plaintiff's selection and agreement with counsel are reasonable on their

own terms. *Id.*

> In making this determination, courts should consider: (1) the quantum of legal experience and sophistication possessed by the lead plaintiff; (2) the manner in which the lead plaintiff chose what law firms to consider; (3) the process by which the lead plaintiff selected its final choice; (4) the qualifications and experience of counsel selected by the lead plaintiff; and (5) the evidence that the retainer agreement negotiated by the lead plaintiff was (or was not) the product of serious negotiations between the lead plaintiff and the prospective lead counsel. See, e.g., In re Nice Sys. Sec. Litig., 188 F.R.D. 206, 223 (D.N.J.1999) ("Not only should the proposed counsel fees be the result of hard-bargaining, but the initial selection of counsel should be the result of independent decision-making by the lead plaintiff.").
>
> We do not mean for this list to be exhaustive, or to intimate that district courts are required to give each of these factors equal weight in a particular case; at bottom, the ultimate inquiry is always whether the lead plaintiff's choices were the result of a good faith selection and negotiation process and were arrived at via meaningful arms-length bargaining. Whenever it is shown that they were not, it is the court's obligation to disapprove the lead plaintiff's choices.

*Id.*

IBEW has selected two law firms to serve as lead counsel with a local law firm to serve as liaison counsel and provides the résumés of the two lead counsel firms. (Memorandum at 4). In its one-paragraph argument seeking approval of its selection of lead counsel, IBEW states the two lead counsel firms "are actively engaged in the practice of complex litigation and have prosecuted numerous securities fraud class actions on behalf of injured investors" and that "the Court may be assured that the class will receive the highest caliber of legal representation." (*Id.* at 4-5). IBEW does not address any other factors, such as those identified in *In re Cendant*, quoted above, which would allow the Court to determine whether the lead plaintiff's selection and agreement with counsel are reasonable on their own terms. *See Friedman v. Rayovac Corp.*, 219 F.R.D. 603, 605 (W.D. Wis. 2002) (motion to appoint multiple lead counsel denied where plaintiffs failed to explain why one law firm was insufficient or describe the lines of authority among proposed co-counsel, responsibilities and duties of each, and efforts to avoid problems such as loss of direction of the

litigation, duplication of effort, lack of coordination and increase in costs).

The Court will deny without prejudice that portion of IBEW's Motion seeking approval of its selection of lead counsel. IBEW may file another motion seeking approval of its selection of multiple lead counsel.

IT IS SO ORDERED.

Dated this 14th day of July, 2010.

_____
MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

*Attorneys for Plaintiffs Prissert:*

Turner W. Branch
2025 Rio Grande Blvd, NW
Albuquerque, NM 87104

Glenn L. Hara
Matthew T. Heffner
Two First National Plaza
Suite 600
Chicago, IL 60603

*Attorneys for Plaintiffs Gotham Holdings LP:*

Deborah Clark-Weintraub
1540 Broadway, 37th Floor
New York, NY 10036

Adam P. Plant
Joe R. Whatley , Jr
2001 Park Place North
Suite 1000
P.O. Box 10647
Birmingham, AL 35203

Lewis J. Saul
Kevin M. Fitzgerald
183 Middle Street, Suite 200
Portland, ME 04101

Shane C. Youtz
900 Gold Ave. SW
Albuquerque, NM 87102

*Attorneys for Plaintiffs Lofgren and Halpert:*

Christopher T. Saucedo
201 Third Street N.W. Suite #1800
Albuquerque, NM 87103

Howard G. Smith
3070 Bristol Pike
#112
Bensalem, PA 19020

Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars #311
Los Angeles, CA 90067

Richard A. Maniskas
280 King of Prussia Road
Radnor, PA 19087


*Attorneys for Plaintiff IBEW:*

Nicholas Koluncich III
6501 Americas Parkway NE
One Park Square - Suite 620
Albuquerque, NM 87107-5375

Darren J. Robbins
Danielle S. Myers
655 West Broadway, Suite 1900
San Diego, CA 92101

*Attorneys for Defendants:*

Howard Suskin
330 North Wabash
Chicago, IL 60611

Rufus Thompson
Matthew W. Park
Post Office Box 2168
Albuquerque, NM 87103-2168

Michael K. Lowman
1099 New York Avenue NW
Washington, DC 20001