UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

MAURICE PRISSERT and CLAUDE
PRISSERT, Individually and on Behalf of All
Others Similarly Situated,

        Plaintiffs,

vs.

EMCORE CORPORATION, et al.,

        Defendants.

No. 08-CV-1190 MV/KBM

(Consolidated with
No. 09-CV-133 JCH/RLP)

CLASS ACTION

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion for Rule 11 Sanctions [Doc. 94]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is not well-taken and will be denied.

### BACKGROUND

EMCORE, a company with principal offices in Albuquerque, New Mexico, is a provider of compound semiconductor-based products for the broadband, fiber optics, satellite, and terrestrial solar power markets. Doc. 79 ¶ 16. Solar power generation systems use photovoltaic cells to convert sunlight to electricity. *Id.* ¶ 3. To intensify energy levels and increase the amount of electricity generated, solar power applications rely on concentrating photovoltaic systems, which use powerful magnifying lenses to concentrate solar rays onto multi-junction solar cells. *Id.* ¶ 2 n.1. EMCORE manufactures and sells both multi-junction "solar cells" and "receiver assemblies" to its customers. *Id.*

On December 9, 2011, Plaintiffs filed their Corrected Consolidated, Amended Complaint (the "Complaint"), asserting in Count I a securities fraud claim under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. Section 78j(b), and Rule 10b-5, 17 C.F.R. Section 240.10b-5.  Based on information provided by three sources, namely, Greg Watson, CEO of Green & Gold Energy ("GGE"), and two confidential witnesses, CW1 and CW2, the Complaint alleges that announcements by Defendants regarding (1) EMCORE's contracts with two customers, GGE and ES System and (2) EMCORE's resulting order backlog were materially false and misleading and failed to disclose material information for three reasons.  First, Plaintiffs allege that EMCORE knew that it could not fulfill GGE's first two purchase orders for cells because, according to EMCORE's contract with GGE, the cells had to have a 90 percent or higher efficiency rate, and at the time the contracts were executed, the cells EMCORE was manufacturing had a far lower efficiency rate.  *Id.* ¶ 105.  Nonetheless, Plaintiffs allege, these two purchase orders were put into EMCORE's backlog.  *Id.*  Second, Plaintiffs allege that GGE's third purchase order replaced the first two purchase orders.  *Id.* ¶ 103.  The first two orders, however, were not removed from EMCORE's backlog, and the third purchase order was also put into EMCORE's backlog.  *Id.* ¶ 106.  Third, Plaintiffs allege that ES System's order reduced GGE's final purchase order by two million receivers.  *Id.* ¶ 104.  Defendants did not adjust EMCORE's backlog to reflect this change, and added the ES System's order to the backlog reported to investors.  *Id.* ¶ 92(c).

Defendants filed a motion to dismiss the Complaint.  Doc. 81.  Defendants argued, *inter alia*, that the Complaint fails to allege a material misrepresentation or omission, the first element necessary to state a claim of securities fraud.  In making this argument, Defendants explained that the GGE and ES System contracts that formed the basis of Plaintiffs' claims directly contradict

2

Plaintiffs' allegations. Defendants attached to their motion what they described as "a complete set of the controlling contracts," along with a declaration signed by David Danzilio, Vice President and General Manager of EMCORE, authenticating the documents. In their response in opposition, Plaintiffs disputed the authenticity of the documents attached to Defendants' motion, questioning, in particular, whether these documents represent the final, fully executed versions of the contracts that set binding terms on the relevant parties.

Thereafter, Defendants contacted Mr. Watson. In connection with their reply brief, Defendants submitted a declaration signed by Mr. Watson, in which Mr. Watson stated that the documents attached to Defendants' motion "are true and correct and complete copies of the contract documents between EMCORE and GGE." Doc. 91-1 ¶ 2. After filing their reply brief, Defendants contacted Todd Parfet, identified as "CW2" in the Complaint. Mr. Parfet similarly signed a declaration stating that the documents attached to Defendants' motion are the complete set of contracts that EMCORE entered into with GGE and ES System. Doc. 95-1 ¶ 3.

On March 26, 2012, Defendant sent Plaintiffs' counsel a letter requesting that Plaintiffs voluntarily dismiss the Complaint in light of the Danzilio and Watson declarations. On April 6, 2012, Plaintiffs' counsel responded to Defendants' letter, stating that Defendants' arguments were "not well-taken" and declining to dismiss the Complaint. Defendants served Plaintiffs' counsel with a copy of the instant motion for sanctions on May 11, 2012, and subsequently filed it on June 22, 2012. Plaintiffs filed their response in opposition on July 9, 2012, and Defendants' reply followed on July 26, 2012.

On September 28, 2012, the Court entered its Memorandum Decision and Order granting Defendants' motion to dismiss (the "Order"). Doc. 100. Although the Court found that the Complaint failed to allege either scienter or loss causation, two elements essential to a securities

fraud claim, the Court disagreed with Defendants that Plaintiffs failed to allege a material misrepresentation. Specifically, the Court rejected Defendants' argument that the Court was obligated, in determining whether Plaintiffs had alleged a material misrepresentation, to consider the contract documents submitted by Defendants. The Court explained:

> On a motion to dismiss, the Court must consider not only the complaint, but also "documents incorporated into the complaint by reference." Tellabs, 551 U.S. at 322. "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997); see also Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) ("[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.") Indeed, "[i]f the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff had relied." GFF, 130 F.3d at 1385. Further, if the documents central to a plaintiff's claim "contradict the allegations of the amended complaint, the documents control and [the] Court need not accept as true the allegations in the [] complaint." Rapoport v. Asia Elec. Holding Co., Inc., 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000).
>
> Here, EMCORE's contracts with GGE and ES System are central to Plaintiffs' claims of material misstatements by Defendants. Accordingly, Defendants were entitled to submit "indisputably authentic copies" of those contracts to the Court for consideration on their motion to dismiss. Plaintiffs, however, dispute the authenticity of the documents attached to Defendants' motion. In particular, Plaintiffs question whether these documents represent the final, fully executed versions of the contracts that set binding terms on the relevant parties. Plaintiffs' challenge is based in part on the fact that the documents are not "clean" copies, but rather contain handwritten notes, and the fact that one of the documents contains language suggesting that further negotiations were yet to be undertaken, and that, without the execution of "definitive agreements," no binding obligations were being created.
>
> Defendants argue that Plaintiffs do not actually dispute the authenticity of the documents, and thus cannot prevent the Court from considering them. The Court disagrees. Plaintiffs question whether these documents in fact are the contracts upon which their Complaint is based; accordingly, their challenge is to the "substantive validity" of the documents attached to Defendants' motion – documents which no one claims Plaintiffs have ever seen. Borders v. Chase Home

> Finance L.L.C., No. 09-3020, 2009 WL 1870916, *4 (E.D. La. June 29, 2009). This case thus is distinguishable from those where courts have found that documents were properly submitted in the context of a motion to dismiss, despite the plaintiff's challenge to those documents. See id. (considering settlement agreement on motion to dismiss where plaintiff challenged only the lack of authentication of the agreement, but did not challenge its substantive validity); Martinez v. Welk Group, Inc., No. 09 CV 2883, 2011 WL 90313 (S.D. Cal. Jan. 11, 2011) (finding plaintiff's attempt to dispute authenticity of document unsupported, when plaintiff had read and received a copy of the document, and the document was explicitly referenced in, and helped define the terms of, another document referenced in the complaint); Keithly v. Intelius Inc., 764 F. Supp. 2d 1257 (W.D. Wash. 2011) (considering screen shots of pages plaintiffs would have seen when they purchased defendants' products on the internet, where plaintiffs did not "affirmatively identify any discrepancies between the webpages they saw and those presented by defendants with their motion"; the court specifically noted that its consideration of those documents was "without prejudice to plaintiffs' ability to conduct discovery regarding the accuracy and authenticity of the screen shots presented by defendants").
>
> The Declaration of Greg Watson, submitted with Defendants' reply brief, does not change this analysis. See Doc. 91-1. That Mr. Watson does not dispute the authenticity of the documents submitted by Defendants does not inexorably lead to the conclusion that these documents are "indisputably authentic." Because these documents remain subject to reasonable dispute, and because Plaintiffs dispute their authenticity, the Court is foreclosed from considering them in deciding Defendants' motion to dismiss.
>
> In arguing that the Complaint fails to state a claim of a material misrepresentation based on statements concerning the GGE and ES System contracts, Defendants rely solely on the contract documents attached to their motion. Without the benefit of those documents, there is no basis for the Court to find insufficient the allegations regarding statements about the GGE and ES System contracts. Accordingly, the Court finds that Plaintiffs have satisfied the first requirement in pleading a claim of securities fraud as to these statements.

*Id.* at 10-12.

## LEGAL STANDARD

Rule 11(b) of the Federal Rules of Civil Procedure provides in relevant part:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual

5

>contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b).  "The standard by which courts evaluate the conduct of litigation is objective reasonableness – whether a reasonable attorney admitted to practice before the district court would file such a document."  *Adamson v. Bowen, M.D.*, 855 F.2d 668, 673 (10th Cir. 1988).  Accordingly, "[i]f, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law, then such conduct is sanctionable under Rule 11."  *Id.* (citation omitted).

The language of Rule 11 "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule."  Fed. R. Civ. P. 11 advisory committee's note.  In determining whether the signer's conduct is reasonable, "the court is expected to avoid using the wisdom of hindsight" and inquire only as to "what was reasonable to believe at the time the pleading, motion, or other paper was submitted."  *Id.*  If a litigant "reaffirm[s] to the court and advocate[es] positions contained in [previous] pleadings and motions after learning that they cease to have any merit, the litigant is "subject to the obligations of subdivision (b) measured as of [the time of the reaffirmance]."  *Id.*

## DISCUSSION

Defendants argue that Plaintiffs violated Rule 11(b)(3) by failing to conduct a reasonable investigation under the circumstances, both when Plaintiffs filed the Complaint and when they filed their response in opposition to Defendants' motion to dismiss.  Specifically, Defendants argue that it was unreasonable, when drafting the Complaint, to fail to ask Mr. Watson for the GGE contract documents that formed the basis of their claims.  Defendants further argue that it was equally unreasonable for Plaintiffs to fail to withdraw the Complaint after being presented with the

contract documents attached to Defendants' motion.

Defendants' arguments rely on the premise that "the actual contract documents conclusively establish" the falsity of the allegations in the Complaint regarding Defendants' misrepresentations regarding the GGE and ES System orders.   Doc. 95 at 10.   In turn, this premise presupposes that the documents attached to Defendants' motion to dismiss must be accepted, both by Plaintiffs and by the Court, as "the actual contract documents."   As set forth in the Court's Order, however, the Court disagrees with this presupposition.

Specifically, in the Order, the Court found that, while EMCORE's contracts with GGE and ES System are central to Plaintiffs' claims of material misstatements by Defendants, and that Defendants thus were entitled to submit "indisputably authentic copies" of those contracts to the Court for consideration on their motion to dismiss, Plaintiffs in fact disputed the authenticity of the documents submitted by Defendants.   The Court specifically rejected Defendants' argument that Plaintiffs did not "actually dispute" the authenticity of the documents.   The Court explained that Plaintiffs questioned whether these documents in fact are the contracts upon which their Complaint is based, and, accordingly, their challenge was to the "substantive validity" of the documents attached to Defendants' motion.   Further, the Court found that Mr. Watson's declaration did not change this analysis, as the fact that Mr. Watson does not dispute the authenticity of the documents submitted by Defendants does not inexorably lead to the conclusion that these documents are "indisputably authentic."[1]   The Court concluded that, because the documents submitted by Defendants as "the actual contract documents" remain subject to reasonable dispute, and because Plaintiffs dispute their authenticity, the Court was foreclosed from

---

[1] The Court reaches the same conclusion as to the Declaration of Mr. Parfet.

considering them in deciding Defendants' motion to dismiss.

For essentially the same reasons, the Court finds that there is no basis for the imposition of Rule 11 sanctions. The documents that Defendants argue "conclusively establish" the frivolity of Plaintiffs' claims remain subject to reasonable dispute. Because the Court disagrees with Defendants as to the conclusiveness of the documents at issue, the Court must reject the very premise upon which Defendants' argument relies. Without such a premise, there is no basis for the Court to find that Plaintiffs' failure to seek to obtain the documents identified by Defendants as the contract documents, or their refusal to withdraw their claims upon receipt of those documents, was unreasonable under the circumstances.

## CONCLUSION

The Court does not find that Plaintiffs' conduct, either before filing the Complaint or in responding to Defendants' motion to dismiss, was unreasonable under the circumstances. Accordingly, Plaintiffs' conduct is not sanctionable under Rule 11.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Rule 11 Sanctions [Doc. 94] is **DENIED**.

DATED this 7th day of November, 2012.

_____
MARTHA VÁZQUEZ
United States District Judge